USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1728

 HATEM MERKHAEL SASSINE,

 Petitioner,

 v.

 STEPHEN FARQUHARSON, DISTRICT DIRECTOR,
 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS 

 Before

 Torruella, Chief Judge,
 Boudin and Lipez, Circuit Judges.
 
 

 Stephen A. Lagana and Lagana & Associates on brief for
petitioner.

October 13, 1998

 
 

 Per Curiam. Hatem Merkhael Sassine has filed a
 petition for review of a decision of the Board of Immigration
 Appeals ("BIA") denying as untimely his motion to reopen his
 BIA appeal. This court granted a temporary stay of
 deportation, and we later continued that stay conditional upon
 Sassine filing his brief on time. Sassine has now filed a
 timely brief. 
 Sassine argues only one issue on appeal. He contends
 that his BIA appeal was dismissed due to ineffective assistance
 of former counsel in failing to file a brief. He does not
 dispute that his motion to reopen was filed outside the time
 limitations imposed by 8 C.F.R. 3.2(c)(2). However, he
 contends that, where ineffective assistance of counsel in a
 deportation proceeding rises to the level of a due process
 violation, exceptional circumstances exist requiring the BIA to
 entertain a late motion to reopen. 
 
 We conclude that Sassine's argument fails. The
 record reveals that Sassine learned in mid-August 1996 that his
 BIA appeal was dismissed based on counsel's failure to file a
 brief. Pursuant to 3.2(c)(2), Sassine had approximately six
 weeks after learning of the dismissal (i.e., until September
 30, 1996) to file a motion to reopen. The BIA did not receive
 his motion to reopen until March 21, 1997. Sassine makes no
 argument that the tardiness of his motion to reopen was due to
 ineffective assistance of counsel. Under the circumstances
 (and without expressing any opinion as to whether former
 counsel was ineffective or whether ineffective assistance of
 counsel might ever require the BIA to allow an untimely motion
 to reopen), we see no basis to set aside the decision of the
 BIA.
 For the foregoing reasons, we affirm the decision of
 the BIA. See Loc. R. 27.1. The stay order is vacatedeffective on issuance of the mandate.